816 So.2d 906 (2002)
Donald LEWIS
v.
RIVER CITY CONSTRUCTION.
No. 2001-CA-2100.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 2002.
*907 Ernest J. Bauer, Jr., Joseph F. Lahatte, Jr., Roderick Alvendia, Law Offices of Joseph F. Lahatte, Jr. & Associates, New Orleans, LA, for Plaintiff/Appellant.
Charles Martin Kreamer, Sr., Allen & Gooch, Lafayette, LA, for Defendant/Appellee.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
Claimant, Donald Lewis, appeals the judgment of the Office of Workers' Compensation, holding that he did not carry his burden of proving that he suffered a job-related injury on April 14, 1999 that resulted in disability. We affirm.
*908 Claimant filed a disputed claim for compensation on September 21, 2000, alleging that he suffered a job-related injury on April 14, 1999 while employed as a dry wall finisher by defendant, River City Construction. Claimant was paid compensation benefits from April 14, 1999 until September 15, 2000, when defendant determined that claimant was not entitled to continued benefits.
At trial, the only witness was claimant. His medical records and employer's report of injury were also introduced into evidence; along with a piece of foam from the handlebar of a forklift that claimant was operating when he was allegedly injured. Claimant alleged in his disputed claim for compensation that two of his co-workers witnessed his accident; however, those co-workers were never produced. Claimant testified that defendant hired him in March 1999 as a dry wall finisher at a rate of pay of $13.49 per hour. In describing the alleged accident, claimant stated "I was working on a forklift, on a hydraulic lift; and as I was bringing the lift down, and the lift has a lever; and as I was coming off of the lift, the bar had a split in it; and the foam had popped off; and I hit my back on the edge of the lift; and some guys had ran to me and called the foreman; and they picked me up and brought me downstairs to do a report."
Claimant was taken after the accident to the office of Dr. William Woessner. He said his employer filled out an accident report. He said he complained of lower back pain to Dr. Woessner, who told him to come back the next day. According to claimant, Dr. Woessner returned him to light duty work. Claimant said he tried this for two days, but could not work because of the pain. He never returned to work with the defendant.
A month later, claimant sought treatment from Dr. Michael Howard at The Health Care Center. He received diagnostic testing, pain medication and heat treatment for his back. He was still receiving treatment from The Health Care Center at the time of trial. A physician at The Health Care Center recommended that claimant consult a neurosurgeon about his continuing back pain. His employer sent him to see Dr. Carl Culicchia, a neurosurgeon. Claimant stated that he has filed two prior lawsuits and one prior claim for workers' compensation benefits.
Claimant testified that as of the date of trial, April 9, 2001, he still has pain from the accident, and has sought emergency room treatment for his pain on two occasions. He said he is still not ready to return to work because of the severe pain in his back.
On cross-examination, claimant was presented with his deposition testimony in which he stated that the accident occurred on May 7, 1999. He stated at trial that he was confused about the date when he gave his deposition; he said the accident occurred on April 14, 1999. He went to see Dr. Arthur Axelrod on May 10, 1999, and his records showed that claimant complained of getting hurt three days earlier. Claimant repeated that he got the dates confused. Claimant testified that he did not hurt his upper or middle back at all in the accident. When asked to explain why Dr. Woessner's records show that he complained of upper and middle back pain from a work-related accident at Roy Buras Construction on April 14, 1999, claimant stated that those records are wrong because he only complained of lower back pain. Claimant also said Dr. Woessner's records were wrong in stating that claimant never returned to his office after April 14, 1999.
In his deposition, claimant stated that he had not lifted anything over ten pounds since the accident. When asked if he *909 moved a clothes dryer in June 2000, claimant responded that he did not move it; he laid it on the back gate of a truck and slid it off. Defense counsel played a videotape of surveillance taken of claimant, and it showed him helping someone lift a dryer. He admitted at trial that in the summer of 2000, he was able to wash his car, use a weed eater on his grass and check the air in his car's tires. In his deposition, he denied putting air in the tires. The videotape showed claimant putting air in his tires. He admitted being able to ride a bike. He stated that he did not tell his doctors about his history of drug and alcohol abuse.
On redirect examination, claimant said that Roy Buras is the owner of River City Construction. He said he went to see both Drs. Woessner and Axelrod at the request of the defendant.
Following trial, the Workers' Compensation Judge ruled that claimant failed to carry his burden of proving that he suffered a job-related injury on April 14, 1999 that resulted in a disability. In reasons for judgment, the judge noted that claimant was presented as undereducated and as a not highly functioning person. The judge stated that nonetheless, claimant's testimony had numerous inconsistencies, and no reasonable explanation for these inconsistencies was ever given. The judge stated that the inconsistencies cast serious doubt on claimant's credibility as to an unwitnessed accident that allegedly resulted in disability. Finally, the judge stated that claimant failed to prove that an accident occurred, and that an accident resulted in injury and disability to him. Claimant now appeals.
On appeal, claimant argues that the Workers' Compensation Judge erred in finding that claimant did not carry his burden of proving that an accident occurred on April 14, 1999. Claimant also argues that the defendant did not present evidence that discredits or casts serious doubt on the claimant's version of the accident.
The standard of review in a workers' compensation case is the clearly wrong or manifest error standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733. A claimant in a workers' compensation case has the burden of proving a work-related accident by a preponderance of the evidence. Millon v. Clarion Hotel, 98-0002, p. 3 (La.App. 4 Cir. 9/16/98), 719 So.2d 568, 570. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Id. In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992), citing West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979), and Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987). The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Id.
In Bruno v. Harbert International, Inc., supra at 361, our Supreme Court held that a worker's testimony may be sufficient to discharge his burden of proving a work-related accident by a preponderance of the evidence, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident.
*910 Claimant argues that the medical evidence corroborates his claim that an accident occurred. Specifically, he points to the employer's report of injury, the medical records of Dr. Howard, the Clearview Medical MRI reports, and the report of Dr. Woessner. However, while these records and reports may corroborate claimant's reports of injuries, any conclusions that a job-related accident occurred on April 14, 1999 in these reports and records were based solely on accounts provided by the claimant. Claimant also introduced into evidence a piece of foam from the forklift handlebar that he claims was the cause of his fall, yet Dr. Culicchia's records show that claimant told that another forklift hit him and made him fall. Claimant denied having told Dr. Culicchia that another forklift hit him.
In this case, the worker's own testimony casts serious doubt upon his version of the accident. His testimony is riddled with inconsistencies that were never sufficiently explained by claimant. Claimant's credibility was damaged not only by the inconsistencies in his testimony, but also by the videotape showing claimant helping someone lift a clothes dryer onto a truck at a time when he claimed he could not lift more than ten pounds. This videotape was made while claimant was still receiving benefits. The Workers' Compensation Judge did not find claimant to be a credible witness. After review of the record, we do not find that conclusion to be unreasonable.
The judgment denying claimant's disputed claim for compensation was neither clearly wrong nor manifestly erroneous. Accordingly, the judgment of the Workers' Compensation Office is hereby affirmed.
AFFIRMED.